IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-80928-TLS |
| | ) | |
| KENNETH ROBERT LILIENTHAL and | ) | CH. 13 |
| VICKI LYNNE LILIENTHAL, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on August 17, 2009, on Confirmation of Debtors' Chapter 13 Plan (Fil. #5), and an Objection filed by the Chapter 13 Trustee (Fil. #15). Charles Garman and Dana Ulrich appeared for Debtors, and Thomas Kenny appeared on behalf of the Chapter 13 Trustee. The parties were given the opportunity to file post-hearing briefs, and this matter is now ripe for decision. For the reasons discussed below, confirmation is denied.

The Chapter 13 Trustee objected to Debtors' plan on good faith grounds. The Chapter 13 Trustee's position is that the plan should not be confirmed because the plan provides for payment of large sums on secured debt to allow Debtors to retain possession of their house, boat, and camper, but provides for payment of relatively little to unsecured creditors.

Debtors are married with two dependent children. They are above-median debtors having annualized income of approximately $104,000.00 at the time this case was filed in April 2009. Debtors' earnings were higher in 2008 (approximately $113,000.00) and significantly higher in 2007 (approximately $125,000.00).

Debtors reside in Omaha, Nebraska, in a home valued at $175,200.00. Schedule D indicates a first mortgage of approximately $111,000.00 and a second mortgage of approximately $72,000.00, for a total indebtedness secured by the home of $183,344.00. Debtors pay $1,376.00 per month for their mortgage debts.

Debtors' plan proposes payments of $1,400.00 per month, or a base amount of $84,000.00 over 60 months. After payment of monthly payments due on secured debt that Debtors propose to retain and payment of estimated trustee's fees, only $22,000.00 or so would be available to pay interest on secured claims and to fund a dividend to unsecured creditors. In fact, it appears that unsecured creditors would receive $10,000.00 or less.

After examining the secured claims that Debtors desire to pay through their plan, the Chapter 13 Trustee has objections regarding the plan's treatment of three of the claims. First, the Chapter 13 Trustee objects because Debtors desire to retain their house, which they value at $175,200.00 and which has secured debt of $183,344.00. According to the Chapter 13 Trustee, Debtors could find less expensive housing thereby freeing up additional funds for unsecured creditors. The Chapter 13 Trustee also objects to Debtors' proposed retention of a camper for which the secured creditor would

be paid $5,800.00 plus interest over the life of the plan, and the retention of a fishing boat for which the secured creditor would be paid $9,721.00 plus interest over the life of the plan.

The Chapter 13 Trustee based her argument on 11 U.S.C. § 1325(a)(3), which provides that in order to be confirmed, a plan must be proposed in "good faith." Various factors have been identified as relevant to the good faith analysis, but according to the Eighth Circuit Court of Appeals "in the final analysis, good faith should be evaluated on a case-by-case basis in light of the structure and general purpose of Chapter 13." *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1353 (8th Cir. 1990) (citations omitted).

At oral argument, the Chapter 13 Trustee acknowledged that Debtors' home would not be considered a "luxury" asset in the community in which it is located, nor is it the type of home that would be considered a "luxury" for individuals having the income level of Debtors. The secured debt against the home appears to exceed its value, but not by a significant amount. Further, Debtors have lived in the home for more than eight years and have improved it during that time. Accordingly, there is no basis for finding a lack of good faith as a result of Debtors proposing to retain their home under the circumstances of this case. Therefore, the Chapter 13 Trustee's objection with regard to retention of the home under the plan is overruled.

Addressing next the objection regarding retention of the boat and camper, this Court had the opportunity to review similar facts in the case of *In re Cordle*, Case No. BK08-82332-TLS (Bankr. D. Neb. Mar. 19, 2009). In that case, this Court stated:

> Allowing debtors to retain and pay for expensive recreational assets at the expense of unsecured creditors clearly violates the general purpose of Chapter 13. *See Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652, 658 (8th Cir. 2008) (referencing Congress's intent that increased payments will flow from above-median debtors to unsecured creditors). Accordingly, the proposed plan fails to meet the good faith test of 11 U.S.C. § 1325(a)(3).
>
> In addition, this case can be decided pursuant to the projected disposable income test of § 1325(b)(1)(B). Specifically, upon objection by the Chapter 13 Trustee, that section requires that all of Debtors' projected disposable income to be received in the applicable commitment period be applied to make payments to unsecured creditors under the plan. Identifying what constitutes "projected disposable income" has been the subject of substantial litigation in this Court and elsewhere. In fact, the circuits are currently split on the issue. *Compare Coop v. Frederickson (In re Frederickson)*, 545 F.3d 652 (8th Cir. 2008) *with Maney v. Kagenveama (In re Kagenveama)*, 541 F.3d 868 (9th Cir. 2008). Notwithstanding prior opinions of this Court with respect to the issue, the Eighth Circuit's recent decision in *Coop v. Frederickson* is binding.
>
> In *Frederickson*, the Eighth Circuit Court of Appeals held:

> Accordingly, we adopt the view shared by many bankruptcy courts that a debtor's "disposable income" calculation on Form 22C is a starting point for determining the debtor's "projected disposable income," but that the final calculation can take into consideration changes that have occurred in the debtor's financial circumstances as well as the debtor's actual income and expenses as reported on Schedules I and J.

*Id.* at 659 (citations omitted). The Eighth Circuit went on to add:

> This approach realistically determines how much a debtor can afford to pay his creditors and maximizes the amount the debtor must pay to his unsecured creditors. As aptly noted by the *Kibbe* court, "the object is not to select the right form, but to reach a reality-based determination of a debtor's capabilities to repay creditors." *Kibbe*, 361 B.R. at 315.

*Id.* at 660.

Thus, it is clear that the Eighth Circuit Court of Appeals has interpreted "projected disposable income" as a mandate to the bankruptcy court to make a "reality-based determination" of how much a debtor can afford to pay.

This Court went on to deny confirmation in *Cordle*, stating:

> Applying the *Frederickson* analysis to the facts of this case reveals that Debtors can afford to pay substantially more than they propose to pay pursuant to their plan. Specifically, retention of a boat and travel trailer in which Debtors have little or no equity, and payment to the creditors secured thereby of more than $31,000.00 over the course of the plan, is not reasonably necessary for the maintenance or support of Debtors. Certainly, the means test of § 707(b)(2) appears to authorize the deduction of secured debt payments when determining amounts reasonably necessary to be expended, but the Eighth Circuit has determined that the means test calculation is merely a "starting point" for determining projected disposable income. Using the "reality-based determination" of Debtors' ability to pay, it is clear that the amounts paid for a boat and travel trailer used for recreational purposes are not reasonably necessary and, therefore, those amounts should be made available to unsecured creditors under the plan.

At first glance, the analysis in *Cordle* appears to be equally applicable in the case at hand. Surrendering the boat and camper would reduce Debtors' secured debt obligations by more than $15,000.00 plus interest, thereby freeing up those funds for distribution to unsecured creditors. However, Debtors argue that the payments on those items are not "at the expense of unsecured creditors" because they are proposing to pay substantially more into the plan than they would be

required to pay based on the means test or on a review of Schedules I and J even if those two debts did not exist. Debtors seem to be saying that they are proposing to pay more into the plan than they actually have available, perhaps by reducing other expenses for which they took deductions in calculating disposable income. That is an interesting argument since it implies that Debtors' monthly income and expenses are not really as portrayed in Schedules I and J. Thus, I have some concerns about the accuracy of the income and expense information that has been provided.

The Eighth Circuit's directive to this Court is to make a reality-based determination of Debtors' ability to pay, and I simply cannot do so based on the record. In addition to the foregoing concerns, Debtors' income level appears to have been quite fluid over the last few years and no information has been provided as to changes in income since the filing of this case. The plan was filed on April 14, 2009, and there have been numerous delays since that time (two continuances of the confirmation hearing, post-hearing briefing, and extensions of time). Thus, the income shown on Schedule I may or may not be accurate. Also, the secured claim balances, arrearages, and collateral values set forth in the plan are not accurate based on stipulations and claims that have been filed. Finally, since the Chapter 13 Trustee's objection was based on "good faith" related to the house, boat, and camper, it is unclear whether the Chapter 13 Trustee has any additional objections to the items and amounts listed on Schedules I and J.

IT IS, THEREFORE, ORDERED that confirmation of Debtors' Chapter 13 Plan (Fil. #5) is denied. Debtors shall file updated and amended Schedules I and J, year-to-date pay advices, and an amended plan by October 12, 2009.

DATED: September 23, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
\*Charles Garman/Dana Ulrich
Thomas Kenny/Kathleen Laughlin
United States Trustee

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.